### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-990-M |
| | ) | |
| JOHN V. RICH, | ) | |
| LAWANDA J. RICH, | ) | |
| EDWIN L. GAGE, | ) | |
| ELAINE R. GAGE, | ) | |
| VIRGINIA L. MOORE, and | ) | |
| DAVID E. FORGY, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is defendant David E. Forgy's ("Forgy") motion to appoint counsel, filed November 14, 2011. On November 28, 2011, plaintiff filed its response, objecting to Forgy's motion, and on December 1, 2011, the remaining defendants filed their response, noting no objection to Forgy's motion. On January 23, 2012, pursuant to this Court's order, Forgy filed his financial affidavit.

Forgy, as a civil litigant, has no Sixth Amendment right to counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). However, under the in forma pauperis statute, 28 U.S.C. § 1915, this Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "The appointment of counsel under this statute is a matter within the discretion of the district court." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). Finally,

> [i]n determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.

*Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

In his motion, Forgy states, in pertinent part:

> If the United States Government wishes to pursue this frivolous case against me using tax payer funds and all the resources of the US Attorney office I believe I should be provided with a court appointed attorney with equal resources. They have multiple lawyers and auditors working on the case and without equal representation I would not get a fair trial. Because of the large sum of money (excess of 18 million dollars I understand) I believe that it is only fair that I be represented in court by a professional attorney.
>
> . . . Without funds to hire auditors and fund expert witnesses this would put me at a disadvantage.

Forgy's motion to appoint counsel [docket no. 32].

Having carefully reviewed the parties' submissions and considering the factors set forth above, the Court finds that Forgy should not be appointed counsel. Specifically, the Court finds that Forgy has not shown a unique need in this case for the appointment of counsel. The basis for Forgy's motion is present in all cases where a defendant is representing himself. Additionally, while Forgy contends that this case is frivolous, his prior criminal conviction in relation to this matter shows otherwise. Further, the Court finds that the nature of the facts involved and Forgy's ability to present his defense also counsel against appointment of an attorney for Forgy. Forgy earned a masters degree in administration, was CEO of the relevant corporate entities that did millions of dollars in business, has a working knowledge of nursing home operations and nursing home accounting more generally, and possesses first-hand knowledge of the facts alleged in the Amended Complaint. Finally, the Court finds that the complexity of the legal issues also counsels against appointment in this case. Although the legal issues of some of the defendants are complex, the legal

issues surrounding Forgy are rather straight-forward – either his use of the nursing home funds was proper or it was not.

Accordingly, the Court DENIES Forgy's motion to appoint counsel [docket no. 32].

**IT IS SO ORDERED this 2nd day of February, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE